# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

**June 24, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs) No. 12-0867** (Summers County 11-F-14)

**Clayton Owen Peyatt,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Clayton Owen Peyatt, by counsel Douglas H. Arbuckle, appeals the Circuit Court of Summers County's March 6, 2012, order denying's his motion for modification or reduction of sentence.[1] The State of West Virginia, by counsel Marland Turner, filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner, Clayton Owen Peyatt, was indicted for one count of burglary and seven counts of fraudulent use of an access device. He pled guilty to two counts of the felony offense of the attempted use of an access device and one count of the misdemeanor of battery on October 11, 2011. When petitioner appeared for sentencing on January 23, 2012, the circuit court was advised by counsel for petitioner that the presentence report inaccurately reported that petitioner had pled guilty to two counts of fraudulent use of an access device. The circuit court acknowledged the error and proceeded to sentence petitioner for the statutory terms of incarceration for the crimes that he pled to, specifically, two counts of attempted use of an access device and one count of battery. Petitioner was sentenced to one to three years of incarceration for each count of attempted use of an access device and one year of incarceration for the battery.

Petitioner filed a motion for modification or reduction of sentence, citing inaccuracies concerning the charges upon which he was sentenced. He also cites additional inaccuracies in the

---

[1] On July 6, 2012, the circuit court entered a corrected order extending the time to file the petition for appeal until July 6, 2012. In addition, while it is not included in the appendix filed with this Court, it appears that petitioner filed a pro se motion for reconsideration of his sentence, as the circuit court entered an "Order Denying Defendant's *Pro Se* Motion for Reconsideration of Sentence" on June 28, 2012. That denial is not part of this appeal.

1

original presentence report. However, petitioner's single page motion filed with the circuit court lacks sufficient specificity to determine what "additional inaccuracies" petitioner claims exist in that report. During the February 13, 2012, hearing on petitioner's motion for modification or reduction of sentence, the circuit court admitted there were errors in the presentence report but stated that those problems were corrected at the time of the original sentencing. The court also stated that it was taking judicial notice that some of the matters set forth in the criminal record included in the presentence report were not actually criminal records, as they relate to civil matters in magistrate court. After considering that information, the circuit court denied petitioner's motion. It is from that order that petitioner appeals.

In his petition for appeal, petitioner argues that due to an incorrect presentence report, the circuit court had insufficient accurate information to properly sentence petitioner. Petitioner contends that the presentence report was prepared based upon the charge of fraudulent use of an access device, rather than the crime of attempted fraudulent use of an access device. He points out that these crimes have different penalties. Petitioner argues that when this error was brought to the circuit court's attention at sentencing, the court should have continued sentencing and referred the matter back to the probation officer for a revised report. However, petitioner admits that the circuit court applied the correct maximum sentence for the offenses to which petitioner pled.

"'Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 8, *State v. Sulick*, No. 11-0043, 2012 WL 602889 (W.Va. Feb. 23, 2012). "'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syllabus point 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *Id.* Petitioner admits that the circuit court applied the correct maximum sentence for the offenses to which petitioner pled, two counts of the felony offense of the attempted use of an access device and one count of the misdemeanor of battery. There is no allegation or evidence that the circuit court considered an impermissible factor when imposing the statutory sentences. We, therefore, find that the circuit court did not abuse its discretion in imposing sentence or denying petitioner's motion for modification or reduction of sentence.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

2